JOSEPH E. WALKINGTON et al., Appellants, v. FRED W. IDE, Appellee.

IN RE ESTATE OF C. M. WALKINGTON.

JUNE 26, 1928.

REHEARING DENIED SEPTEMBER 28, 1928.

*Higbee & McEniry*, for appellants.

*Kenneth H. Davenport*, for appellee.

FAVILLE, J.—I. The contestants are the children of the testatrix. The contest is predicated on the two grounds of mental incapacity and undue influence. The testatrix was a widow, at the time of the execution of the will. She was survived by five children and eleven grandchildren. The will provides for the payment of the debts of the testatrix, and then gives to each of her daughters $500 in money, and to each of her sons $1,000 in money. It appears that these items represent amounts received by the testatrix from her husband's estate, which should have been distributed to said legatees. A bequest of $100 in trust is made for the upkeep of a cemetery lot, and the sum of $200 to the trustees of a church. The will recites that the testatrix is the owner of 160 acres of land in the state of Montana, which she devises to her two sons, share and share alike. The rest and residue of her estate she places by the will in the hands of a trustee, with power to sell and reinvest, and with direction to divide the net income and profits from said trust fund among the five children of the testatrix; share and share alike, during their lives, and that, in case of the death of any of said children, the share shall go to his or her issue, and if there be no issue, then it shall be divided among the surviving children. The will also provides that, upon the death of the last survivor of said children, the principal of the said trust fund shall be divided among the issue of said children in such a manner that the issue of each of said children shall receive one fifth of said principal, and if any of said children have died without issue, then such share shall be divided among the surviving issue in the manner directed. A trustee is appointed, who is exonerated from giving bond. The will was executed on February 5, 1926. On March 31, 1926, the testatrix executed a codicil to said will, providing that, if the trustee should sell a certain residence property, he shall at that time divide the net proceeds of the sale among the three daughters of testatrix, share and share alike. The testatrix died April 5, 1926. At the time of her death, the testatrix was 74 years of age. In December, 1925, she fell, and broke her hip, and was confined to her bed considerably thereafter. Her personal physician died before the trial, and his evidence was not obtained. Another physician attended her on March 27, 1926, and on April 2, 1926. He

found her suffering from heart trouble and swelling of the feet. Her lips were blue, and she was short of breath; her circulation was poor; her pulse was more rapid than normal. The physician expressed no opinion with regard to the mental condition of the testatrix. The evidence as a whole presents the not unusual situation of a lady 74 years of age, who had received an injury from a fall, and was slowly approaching final dissolution, with the usual and ordinary physical and mental infirmities and impairments that accompany such a condition. She was eccentric in some regards, evidenced some loss of memory, and had some peculiarities, but there is no sufficient evidence whatever to establish such unsoundness of mind as would render the testatrix incapable of executing a will. She conducted the ordinary transactions with regard to her household, paid her own bills, knew the natural objects of her bounty, and appears to have been perfectly conversant with her own property. The only testimony of the expression of an opinion that the testatrix was of unsound mind comes from two of her daughters, who are contestants, and who were nonexpert witnesses. The opinion expressed by said witnesses, when predicated upon the recital of facts as made by said witnesses, was not sufficient to carry the question of mental incapacity to the jury. *Fothergill v. Fothergill,* 129 Iowa 93; *In re Will of Richardson,* 199 Iowa 1320; *In re Estate of Paczoch,* 202 Iowa 849.

Under the rules heretofore announced by this court, and under the record in this case, the contestants failed to produce evidence sufficient to go to the jury on the question of the alleged mental incapacity of the testatrix. As bearing on the question, see *Perkins v. Perkins,* 116 Iowa 253; *In re Will of Richardson,* supra; *In re Estate of Cooper,* 200 Iowa 1180; *In re Estate of Shields,* 198 Iowa 686; *Hann v. Hann,* 202 Iowa 807; *In re Estate of Paczoch,* supra.

II. Appellants contend that in any event they were entitled to go to the jury on the question of undue influence in the procurement of the will. It seems from the record that for a long time an attorney was the adviser of the testratrix, and took care of her property, and after the death of the attorney, the proponent Ide acted in such capacity. It appears that he looked after her business affairs very largely, except as to the

payment of current bills, and attended to her insurance and investments, and that he borrowed from her the sum of $2,000, and gave her his note therefor; and this obligation was outstanding at the time the will was drawn. It appears that the testatrix talked with Ide about the execution of her will, and expressed to him what she wished to have done in relation thereto, and that Ide made certain memoranda in respect thereto, which were offered in evidence. Ide took these memoranda to an attorney, who put the same in the form of the will in question. After the will had been so prepared, Ide phoned the daughter of the testatrix, who brought the testatrix to Ide's office, where the will was executed, in the presence of two witnesses. The daughter did not remain with the testatrix while the will was being executed, but called for her shortly thereafter, and took her to her home. Much stress is laid upon the fact that Ide was named as executor and trustee in the will, and was exonerated from giving bond, and that he was indebted to the testatrix at the time, and that by the terms of the will he is made trustee to handle the property under the trust provided in the will for a long period of time. These circumstances, however, are wholly insufficient to support a finding of undue influence on the part of Ide. Ide, as trustee under the will, was necessarily under the orders of the court, and, upon proper application and showing by the contestants, could have been removed as trustee, or could be required to give bond. It further appears that Ide gained no advantage whatever from the will with regard to the obligation which he owed to the testatrix, and that the same had been fully paid by him. It is argued that Ide appears as proponent of the will, and evidences an interest therein because of such appearance; but it is shown of record that Ide, after said contest was inaugurated, laid the facts before the trial court, and prayed for instructions in regard to his duty in the premises, and was ordered by the trial court to appear as proponent in said will and to resist said contest. We have examined the record with care, and concur in the conclusion of the trial court that there was no such showing of any undue influence in procuring the execution of the will as would carry the question to the jury. Upon a consideration of the entire case, we are satisfied that the trial court did not err in directing a verdict in behalf of the pro-

ponent; and the order appealed from must be, and it is,— *Affirmed.*

STEVENS, C. J., and EVANS, KINDIG, and WAGNER, JJ., concur.